UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Taiyo International, Inc., | ) | FILE NO: |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Phyto Tech Corp., d/b/a Blue California, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Taiyo International, Inc. ("Taiyo"), for its Complaint against defendant Phyto Tech Corp. d/b/a/ Blue California ("Blue California") states and alleges as follows:

## THE PARTIES

1.   Plaintiff Taiyo International, Inc., is a California corporation, with its principal place of business at 5960 Golden Hills Drive, Minneapolis, Minnesota. Taiyo is an affiliate of Taiyo Kagaku Co., Ltd., of Japan.

2.   Defendant Phyto Tech Corp. d/b/a Blue California is, on information and belief, a California corporation with its principal place of business in Rancho Santa Margarita, California.

## JURISDICTION AND VENUE

3.   This is an action for false advertising in violation of the Lanham Act, 15 U.S.C. § 1125 and deceptive trade practices, unlawful trade practices, and false advertising in violation of Minnesota law.

1

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338 and 1367.

5. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2).

## CONDUCT GIVING RISE TO VIOLATIONS OF LAW

6. Plaintiff Taiyo is a pioneer in the basic research and manufacture of functional ingredients for the food, beverage, medical food, and pharmaceutical industries. Taiyo is leading supplier of nutritional food products, with customers in Minnesota and worldwide.

7. Among its other products, Taiyo markets, advertises and sells isomerically pure L-theanine, an amino acid which has been shown in human clinical trials to have applications in reducing stress and anxiety, promoting relaxation, and improving concentration.

8. Taiyo's L-theanine product, which is manufactured via a patented enzymatic fermentation process, is marketed under the trademark Suntheanine® in commerce, including in Minnesota.

9. Currently, Suntheanine® is marketed and sold in nutritional supplements, foods, and beverages in the United States and worldwide.

10. Blue California is a manufacturer of botanical and specialty ingredients, which advertises, markets, distributes and sells its products nationwide, including in Minnesota.

11. Blue California's products include an L-theanine product, which it markets, distributes and sells in Minnesota.

12. Blue California asserts on its website and in its marketing materials, specifications, analytical certifications, trade show/exhibition materials, invoices, and other documentation that its L-theanine is "naturally derived from green tea."

13. Extracting pure L-theanine directly from green tea is a difficult and expensive process because of the low levels of L-theanine in green tea leaves and the high cost of extracting and purifying that L-theanine.

14. The origin of L-theanine—whether it is derived from an extraction of green tea or from fermentation or chemical synthesis of elements of another type of plant, such as corn or sugarcane—can be determined by analyzing the stable-isotopic compositions of certain elements, such as carbon, in the L-theanine.

15. Testing of multiple lots of Blue California's L-theanine product demonstrated that Blue California's L-theanine is not, in fact, naturally derived from green tea.

16. Blue California has used its false statements to create an unfair advantage in its competition against Taiyo. Blue California knows that the characteristic of being "naturally derived from green tea" is attractive to its customers and potential customers, and it uses that claim to sell its product. It does that knowing the claim is false, while also not spending the amount of money that would be needed to actually naturally derive L-theanine from green tea.

## COUNT ONE:
## <u>FALSE ADVERTISING and UNFAIR COMPETITION</u>
## (Lanham Act—15 U.S.C. § 1125(a))

17. Taiyo realleges and incorporates by reference paragraphs 1 through 16 above.

18. Blue California has advertised, marketed, distributed and sold a competing form of L-theanine in Minnesota and in the same channels of interstate commerce as Taiyo's Suntheanine®.

19. Blue California has knowingly made false statements of fact regarding the nature, characteristics, quality or origin of its L-theanine product, which it states is "naturally derived from green tea" when the product is, in fact, derived from another source.

20. Blue California has made these false statements in its advertising and marketing with the intention, and result, of creating confusion, mistake, and false impressions among members of the public regarding the nature, characteristics, quality or origin of its product.

21. Blue California's false advertising has actually deceived and has the tendency to deceive a substantial segment of customers and potential customers of Taiyo's competing products.

22. Blue California's false advertising constitutes a violation of the federal Lanham Act, 15 U.S.C. § 1125(a) and has caused, and will continue to cause, damage and irreparable harm that justifies enjoining Blue California from its illegal and improper actions, along with monetary damages.

## COUNT TWO:
## DECEPTIVE TRADE PRACTICES
(Minnesota Law—Minn. Stat. § 325D.44)

23.     Taiyo realleges and incorporates by reference paragraphs 1 through 22 above.

24.     By stating that its L-theanine is "naturally derived from green tea," Blue California has represented that its L-theanine product has a characteristic or ingredient that it does not, in fact, have.

25.     Blue California's actions constitute a violation of the Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.44.

26.     Blue California's violation of the Minnesota Uniform Deceptive Trade Practices Act has caused Taiyo to suffer irreparable harm that justifies enjoining Blue California from its illegal and improper actions, along with monetary damages.

## COUNT THREE:
## UNLAWFUL TRADE PRACTICES
(Minnesota Law—Minn. Stat. § 325D.13)

27.     Taiyo realleges and incorporates by reference paragraphs 1 through 26 above.

28.     By stating that its L-theanine is "naturally derived from green tea," Blue California knowingly misrepresented the true quality, ingredients or origin of such merchandise.

29.     Blue California's actions constitute a violation of the Minnesota Unlawful Trade Practices Act, Minn. Stat. § 325D.13.

30.     Blue California's violation of the Minnesota Unlawful Trade Practices Act has caused Taiyo to suffer irreparable harm that justifies enjoining Blue California from its illegal and improper actions, along with monetary damages.

COUNT FOUR:<br>
<u>FALSE STATEMENT IN ADVERTISING</u><br>
(Minnesota Law—Minn. Stat. § 325F.69)

31.     Taiyo realleges and incorporates by reference paragraphs 1 through 30 above.

32.     By stating that its L-theanine is "naturally derived from green tea," Blue California has used a misrepresentation or misleading statement in connection with the sale of its L-theanine.

33.     Blue California intended that consumers would rely on its misrepresentation or misleading statement in connection with the sale of its L-theanine.

34.     Blue California's actions constitute a violation of the Minnesota False Statement in Advertising Act, Minn. Stat. § 325F.69.

35.     Blue California's violation of the Minnesota False Statement in Advertising Act has caused Taiyo to suffer irreparable harm that justifies enjoining Blue California from its illegal and improper actions.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Taiyo prays for the following relief and judgment against Blue California:

A.      That Blue California, along with its officers, agents, servants, employees, and all persons in active concert or participation with any of them, be preliminarily and

permanently enjoined from advertising, marketing, or marking its L-theanine product as being "naturally derived from green tea," and from otherwise unfairly competing with plaintiffs, and from engaging in unfair and deceptive trade practices;

    B.    That Blue California, along with its officers, agents, servants, employees, and all persons in active concert or participation with any of them, be ordered to destroy all advertisements, catalogs, brochures, labels and/or product literature that falsely avers and misrepresents its L-theanine as being naturally derived from green tea;

    C.    That Blue California be ordered to pay for corrective advertising;

    D.    That the Court order Blue California to account for and pay over to Taiyo all gains, profits, and advantages derived by Blue California from its false advertising, unfair competition, and other unlawful acts;

    E.    That the Court order Blue California to pay compensatory damages in a sum consistent with Taiyo's proof;

    F.    That Blue California's false advertising be adjudged willful and this case be declared exceptional, pursuant to 15 U.S.C. § 1117;

    G.    That the Court award to Taiyo its costs, disbursements, and reasonable attorneys' fees incurred in connection with this matter pursuant to 15 U.S.C. § 1117, Minn. Stat. § 325D.45 and other applicable law; and

    H.    That Taiyo be granted such other and further relief as the Court deems just and proper.

    PLAINTIFF DEMANDS A JURY TRIAL.

Dated:  August 6, 2010  GRAY, PLANT, MOOTY, MOOTY & BENNETT, P.A.


By:  s/Dean C. Eyler
       Dean C. Eyler #267491
       Joy R. Anderson #0388217
500 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone:  612-632-3016
Facsimile:  612-632-4016

**ATTORNEYS FOR PLAINTIFF TAIYO INTERNATIONAL, INC.**

GP:2802404 v3